```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- X
                                      :
ERIC SISTRUNK,                        :
                    Petitioner        :    ORDER AND OPINION
                                      :    DENYING PETITION
       - against -                    :    FOR A WRIT OF
                                      :    HABEAS CORPUS
DARRYL C. TOWNS, Chairperson,         :
New York State Board of Parole,       :    24 Civ. 4054 (AKH)
                    Respondent.       :
------------------------------------- X
```

ALVIN K. HELLERSTEIN, U.S.D.J.:

Petitioner Eric Sistrunk petitions for a writ of habeas corpus under 28 U.S.C. § 2254, contending that the state trial court violated his federal Constitutional rights by allowing him to opt for a bench trial, and to waive his right to a jury trial, despite his statements that he had slipped and fallen the night before, and had not slept well in the days leading up to the proceeding. Since Sistrunk did not state this objection at the time, his claim is procedurally defaulted. Moreover, the state trial court's decision did not contravene clearly-established federal legal precedent. Accordingly, I deny his petition for habeas relief.

## BACKGROUND

On December 9, 2017, Sistrunk forced a woman to engage in oral sex and vaginal intercourse against her will. Sistrunk was indicted of third-degree rape, third-degree criminal sexual act, and second-degree unlawful imprisonment. He proceeded to trial in 2019, but the jury was unable to reach a verdict. At the re-trial, Sistrunk elected to be re-tried in a bench trial, and waived his Constitutional right to a jury trial.

On October 22, 2019, the state trial court held a pre-trial conference to assure that Sistrunk voluntarily and knowingly waived his right to trial by jury. Sistrunk repeatedly stated that he wished to be re-tried by a judge, rather than a jury, and his attorney noted Sistrunk's logic

1

that "a judge would better understand the nuances of this case" and would have "much more wisdom, intelligence, [and] experience" than a jury. Tr. of Oct. 22, 2019 Conf. at 2-7. Sistrunk confirmed that he understood that he was waiving rights to be tried by an impartial jury of his peers, and was doing so free of coercion. *Id.* at 3-4, 7. He put his waiver in writing. *Id.* at 6-7. The following was the colloquy, in pertinent part:

> THE COURT: And I am also informed that your client wishes to waive a jury, and have his case tried solely by a judge; is that correct?
> MR. CONWAY: Yes, it is.
> THE COURT: And have you had a conversation with Mr. Sistrunk about this?
> MR. CONWAY: I have had many conversations, Judge, and I have advised him not to do it. But he thinks that a judge would better understand the nuances of the case. And he also found out, through me, that the composition of the guilty to not guilty votes on the jury, last time, was 11 to 1 to convict. And he now thinks it would be much more to his advantage to have a judge who has much more wisdom, intelligence, experience to try this case in a fair and impartial manner.
> . . . .
> THE COURT: Mr. Sistrunk, your lawyer says that after your prior trial, which he has made a record, ended in a hung jury of 11 jurors to 1 juror to convict you of the charges here, that you wish to be retried before a judge. That judge is going to be me. Is this what you want?
> THE DEFENDANT: Yes.
> THE COURT: Is anybody forcing you to do this?
> THE DEFENDANT: No.
> THE COURT: Do you understand that you do have a constitutional right to a jury of your peers, who would be a fair and impartial panel selected by your lawyer, with your assistance; you would be permitted to challenge a certain number of jurors, you would be permitted—for no reason at all, and you would be permitted to challenge jurors who you and your lawyer felt were not fair and impartial, so that you could get a panel that would be the most open-minded about your case. And the People, of course, would have that same right in selecting a jury. And you are giving that up; do you understand?
> THE DEFENDANT: Yes, I understand, ma'am.
> THE COURT: And is anybody forcing you to do this?
> THE DEFENDANT: No, ma'am.
> . . . .
> THE COURT: So, the record should reflect Mr. Sistrunk and his attorney have had a private conversation. So, after that conversation, we are back talking about your waiver of your right to a jury trial. Do you still wish to do this?
> THE DEFENDANT: Yes.
> THE COURT: All right.
> THE DEFENDANT: I want to go with a bench trial, not a jury trial.
> THE COURT: What, sir?

2

> THE DEFENDANT: I would like a bench trial, not a jury trial.
> THE COURT: Okay. All right. So, I have a written waiver here. And I am going to give it to you, and to your attorney. I would like both of you to take a look at it, look it over, and then sign it.
> THE COURT: All right. So this says that the defendant herein, having been indicted for Rape in the Third Degree, in violation of Penal Law 130.25(3), and having been informed of his right to be tried, under said indictment, by a jury of twelve persons, hereby, in open court, waives his right to a trial by jury, pursuant to Article 1, Section 2 of the Constitution of the State of New York, and requests that he be tried by the Court, meaning me, without a jury. I see a signature here. Did you sign it?
> THE DEFENDANT: Yes, I did.
> THE COURT: Anybody force you [to] do that?
> THE DEFENDANT: No.
> THE COURT: And Mr. Conway, this is your signature as well; is that correct?
> MR. CONWAY: Yes, Your Honor.
> THE COURT: One final question. Are you thinking clearly today?
> THE DEFENDANT: I haven't been getting sleep for the past couple of days. And I slipped and fell coming out of the shower in the housing unit, yesterday, evening time.
> THE COURT: Well, is that preventing you from being able to make a rational and thoughtful decision here?
> THE DEFENDANT: I got some therapy, they scheduled therapy for me. And they are giving me some heavy prescriptions.
> THE COURT: Are you on heavy prescriptions right now?
> THE DEFENDANT: No, I am not.
> THE COURT: You are not. So, are you –
> THE DEFENDANT: That was last night they prescribed it to me.
> THE COURT: As of right now, 3:30 in the afternoon, on October 22, are you under the influence of any medication right now?
> THE DEFENDANT: No, Your Honor. I just woke up from a little nap, that's it.
> THE COURT: Okay. All right. I will approve the jury waiver. Mark it as a Court exhibit.

Tr. of Oct. 22, 2019 Conf. at 2-8. The presiding Justice approved Sistrunk's jury waiver without any objection from either Sistrunk or his trial counsel. *Id.* at 8.

Sistrunk proceeded to a bench re-trial. On November 15, 2019, the state trial court found him guilty of as charged of all counts. He was sentenced to a concurrent sentence of four years' imprisonment, and is currently serving a five-year term of post-release supervision.

## LEGAL STANDARD

3

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a writ of habeas corpus on behalf of an individual in custody following a state criminal conviction "shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim . . . resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). AEDPA provides a "highly deferential standard for evaluating state-court rulings," *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997), "which demands that state court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). "If this standard is difficult to meet, that is because it was meant to be." *Harrington v. Richter*, 562 U.S. 86, 102 (2011).

A state court decision is "contrary to" clearly established federal law if it "arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). Additionally, a trial court ruling can be deemed an "unreasonable application" of clearly established federal law when "the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* Habeas relief is warranted only "where there is no possibility fair-minded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). A state trial court's determination of factual issues in a case bears a presumption of correctness, unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Indeed, AEDPA provides a "highly deferential standard for evaluating state-court rulings," *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997), "which demands that state court decisions be given the

4

benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). "If this standard is difficult to meet, that is because it was meant to be." *Harrington*, 562 U.S. at 102.

Sistrunk's direct appeal was rejected by the New York State Appellate Division, First Department, on procedural grounds for failure to state a contemporaneous objection and thereby preserve the issue of the validity of his jury waiver for appeal. *People v. Sistrunk*, 210 A.D.3d 596, 596-97 (N.Y. App. Div. 1st Dep't 2022); *lv. denied*, 39 N.Y.3d 1113 (N.Y. 2023). Generally, the procedural default doctrine bars further federal review of such a claim, subject to a few well-established exceptions. *See Wainright v. Sykes*, 433 U.S. 72, 82-84, 88-89 (1977). Specifically, unless either the application of the state procedural rule is not "firmly established and regularly followed in the specific circumstances presented in the case," *Cotto v. Herbert*, 331 F.3d 217, 240 (2d Cir. 2003), or the petitioner shows "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate[s] that failure to consider the claims will result in a fundamental miscarriage of justice," *Coleman v. Thompson*, 501 U.S. 722, 750 (1991), a procedural default precludes federal court review of the merits of the habeas petition. *Cone v. Bell*, 556 U.S. 449, 465-66 (2009).

## DISCUSSION

The New York State Appellate Division, First Department denied Sistrunk's direct appeal, and rejected his argument that his right to a jury trial was not waived knowingly and voluntarily since it was not preserved for appeal. *Sistrunk*, 210 A.D.3d at 596-97. New York's contemporaneous objection rule, codified in Criminal Procedure Law § 470.05(2), encourages parties to bring issues to the attention of the trial court, preserves judicial resources, and protects the finality of criminal prosecutions. *People v. Delore*, 35 N.Y.3d 112, 119 (N.Y. 2020). But

here, neither Sistrunk, nor his counsel, objected in any form to waiving Sistrunk's jury rights and electing a bench trial. This failure to object constitutes a procedural default.

Generally, a petitioner's failure to lodge a contemporaneous objection under N.Y. C.P.L. § 470.05(2) constitutes a procedural default as an independent and adequate state law ground for the state court's decision. *Whitley v. Ercole*, 642 F.3d 278, 286 (2d Cir. 2011). Indeed, the Second Circuit has "held repeatedly that the contemporaneous objection rule is a firmly established and regularly followed New York procedural rule." *Downs v. Lape*, 657 F.3d 97, 102 (2d Cir. 2011). In the specific context of waiving a jury trial, New York courts have consistently rejected unpreserved arguments on appeal regarding the voluntariness of jury waivers under N.Y. C.P.L. § 470.05(2). *See, e.g., People v. Johnson*, 51 N.Y.2d 986, 987 (N.Y. 1980); *People v. Sanchez*, 201 A.D.3d 599, 599-600 (N.Y. App. Div. 1st Dep't 2022); *People v. Lopez*, 173 A.D.3d 528, 528 (N.Y. App. Div. 1st Dep't 2019). And federal courts have likewise rejected habeas petitions as procedurally defaulted for failure to lodge an objection as to the voluntariness of a jury waiver before the state trial court. *See, e.g., Ballinger v. Miller*, 16 Civ. 3856, 2019 WL 4752022, at *4 (E.D.N.Y. Sept. 30, 2019); *Zuniga v. Lamana*, 18 Civ. 5717 (LGS) (JLC), 2019 U.S. Dist. LEXIS 148500, at *20-*21 (S.D.N.Y. Aug. 30, 2019), *report and recommendation adopted*, 2020 U.S. Dist. LEXIS 4128 (S.D.N.Y. Jan. 9, 2020). The cases cited by Sistrunk are inapposite and do not command a different result. Both *People v. Stone*, 22 N.Y.3d 520 (N.Y. 2014) and *People v. Zi*, 178 A.D.3d 591 (N.Y. App. Div. 1st Dep't 2019) concerned defendants' applications to waive their right to counsel and represent themselves *pro se* at trial—not a defendant's waiver of their right to a jury trial.

Here, Sistrunk's claim is procedurally defaulted. The record is clear that neither Sistrunk, nor his trial counsel, objected in any form to the jury waiver. To the contrary, Sistrunk's trial

6

counsel clearly and succinctly explained the logic behind Sistrunk's decision, the presiding Justice confirmed on the record that Sistrunk wished to waive his right to a jury trial and was doing so free of coercion, and Sistrunk signed a jury waiver in open court reflecting this decision and the voluntary basis under which it was executed. And case law is clear that N.Y. C.P.L. § 470.05(2) is "firmly established and regularly followed," *Cotto*, 331 F.3d at 240—including in analogous situations—and that New York has a strong interest in applying this rule in such circumstances. *Id.; Delore*, 35 N.Y.3d at 119 (N.Y. 2020). Accordingly, Sistrunk's failure to object to his jury waiver operates as an independent and adequate state law ground, which bars me from assessing the merits of his underlying claim. *See Ercole*, 642 F.3d at 286.

Nor can Sistrunk establish "cause and prejudice" or show that a "fundamental miscarriage of justice" will result from failing to consider his underlying claim. *Coleman*, 501 U.S. at 750. "[C]ause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Coleman*, 501 U.S. at 753 (citation omitted). But Sistrunk does not point to any such objective external factor that impeded his trial counsel from lodging a contemporaneous objection. In a similar vein, Sistrunk does not—and cannot aver—that his trial counsel was not aware of N.Y. C.P.L. § 470.05(2), nor that Sistrunk received the ineffective assistance of counsel in connection with his jury waiver. A "fundamental miscarriage of justice" is an "extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496-96 (1986). Sistrunk has made no such showing here, and makes no claim of innocence. Thus, neither exception is applicable, and Sistrunk's petition must be denied as procedurally defaulted.

7

The Appellate Division also rejected Sistrunk's claim, in the alternative, since he "made a knowing, intelligent and voluntary waiver after an appropriate colloquy" and because "[n]othing in the record casts doubt on defendant's understanding of the proceedings or suggests that further inquiry by the court was necessary." *Sistrunk*, 210 A.D.3d at 597. I agree, and based on the record, I cannot say the Appellate Division's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

"[A] court is not constitutionally required to conduct an on the record colloquy with a defendant prior to a waiver of the right to a jury trial." *United States v. Carmenate*, 544 F.3d 105, 108 (2d Cir. 2008). Rather, "[a]ll that the Constitution requires is that a waiver of the right to a jury trial be knowing, voluntary, and intelligent." *Id.* "And whether or not there is an intelligent, competent, self-protecting waiver of jury trial by an accused must depend upon the unique circumstances of each case," keeping in mind that "an accused should be permitted to forego" the "privileges" of a jury trial "when his competent judgment counsels him that his interests are safer in the keeping of the judge than of the jury." *Adams v. United States ex rel. McCann*, 317 U.S. 269, 275 (1942). New York law presumes that a defendant is mentally competent. *People v. Morgan*, 87 N.Y.2d 878, 880 (1995).

Here, the Appellate Division's ruling neither "was contrary to, [nor] involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1). Moreover, the state trial court's factual determinations must be given deference, and have not been rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Sistrunk's counsel explained the reasoning behind Sistrunk's election of a bench trial, and Sistrunk repeatedly insisted on waiving his right to a jury trial in open court. The record is clear that at the time Sistrunk waived his right

8

to a jury trial, he had not begun taking "heavy prescriptions" and was not under the influence of any medications. Sistrunk cites no Supreme Court ruling—much less any decision—that holds that a jury waiver is invalid if the defendant did not sleep well, or slipped and fell, prior to waiving their right to a trial by jury. Accordingly, Sistrunk's petition is meritless, and I deny it in its entirety.

## CONCLUSION

Based on the foregoing, I deny Sistrunk's petition for a writ of habeas corpus. Because Sistrunk has "not made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), I decline to issue a Certificate of Appealability.

The Clerk of Court is instructed to enter judgment dismissing the case.

SO ORDERED.

Dated:  December 18, 2024
        New York, New York

ALVIN K. HELLERSTEIN
United States District Judge